36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Thomas W. BRETH, Petitioner,
v.
UNITED STATES DEPARTMENT OF TRANSPORTATION, Federal Highway
Administration; United States of America, Respondents.
 No. 93-3040.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1994.
Filed: September 12, 1994.
 
 Before MAGILL, Circuit Judge, FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Breth has filed a petition for review of a decision of the Federal Highway Administration denying his petition for admittance into a vision waiver program, or for an individual waiver based on the provisions of 49 U.S.C. app. Sec. 2505(f) (1988). He has amblyopia in his right eye, with corrected right vision of 20/200, but corrected vision of 20/20 using both eyes. He requested waiver from the vision standards adopted under 49 U.S.C. app. Sec. 2505(a)(3)(1988) by the Federal Highway Administration. We dismiss his petition insofar as it requests admission into the waiver program as moot, but remand for further consideration of the individual waiver request.
 
 
 2
 Breth has held a commercial interstate driver's license since 1969. He has had amblyopia in his right eye since birth. He claims in his brief that he has driven over a million miles without a serious accident. In June 1993, the Federal Highway Administration conducted a comprehensive review of Anderson Trucking Service's records, and at that time discovered Breth's medical reports disclosing his condition. Anderson terminated Breth's contract until he could obtain a federal waiver, and he then began to pursue such a waiver. Correspondence carried on by his lawyer led to the denial of his motion for temporary relief on September 9, 1993. Breth sought admittance into a waiver program authorizing a study of some 700 vision-impaired drivers, or an individual waiver based on 49 U.S.C. app. Sec. 2505(f). Because the vision waiver program for study purposes has now been declared contrary to law, and the rule authorizing it vacated by a decision of the Court of Appeals for the District of Columbia Circuit in Advocates for Highway and Auto Safety v. Federal Highway Administration, No. 92-1411 (D.C. Cir. Aug. 2, 1994), it is not necessary that we outline in greater detail the facts, procedural and substantive, surrounding Breth's claim. Suffice it to say, his effort to obtain admittance into the vision waiver program is not moot in view of the ruling vacating the program.
 
 
 3
 It is evident from the letter of the Administration that the attention was directed primarily to Breth's efforts to obtain admission to the program and to denial of Breth's petition, primarily because his application was untimely. Indeed, the central thrust of Breth's arguments in his petition for review have to do with his desire to be admitted to this program. As the program no longer exists, we need not further consider these arguments.
 
 
 4
 The only issue remaining is the propriety of the Administrator's denial of Breth's petition on the alternative request for an individual waiver based on 49 U.S.C. app. Sec. 2505(f). In his petition for review, Breth only raises this alternative basis for relief in a very general way.
 
 
 5
 Although discussing in depth the denial of admission into the vision testing program, the Administrator denied Breth relief on his request for an individual waiver under section 2505(f) without articulating reasons for denial. Accordingly, we conclude that the case should be remanded to the Administrator for further consideration of the individual waiver request under 49 U.S.C. app. Sec. 2505(f).
 
 
 6
 The petition for admittance into the vision waiver program is denied as moot, following the decision of the District of Columbia Circuit in Advocates for Highway & Auto Safety, and the case is remanded for further consideration of Breth's claim under 49 U.S.C. app. Sec. 2505(f).